UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. |
| v. : | |
| : | UNDER SEAL |
| ANTHONY ANDRE CARTER, : | |
| also known as "Boo," : | |
| : | |
| Defendant. : | |

GOVERNMENT'S MOTION TO SEAL THE CRIMINAL
INFORMATION AND OTHER PLEADINGS, RECORDS,
AND FILES AND TO DELAY ENTRY ON THE
PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying Criminal Information, as well as all other pleadings, including the instant motion to seal and proposed Order, and to delay entry on the public docket of this motion to seal and all related matters. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to a Criminal Information charging a felony narcotics violation. A copy of the Criminal Information and related documents, including the plea agreement, are being provided to the Court under separate cover.

The sealing is necessary because the attached Information and related pleadings contain sensitive information, the disclosure of which would not be in the interest of either the defendant, the government, or the public.

As part of his plea agreement, the defendant has agreed to cooperate with the government and prosecution of others. This cooperation may lead to criminal charges being filed against various co-

conspirators for felony narcotics and firearms-related offenses. Accordingly, it is essential that any information concerning this defendant having a pending case in this district, as well as the fact of his pleading guilty, be kept sealed for the time being.

Based on the nature of the government's ongoing criminal investigation being conducted by the Federal Bureau of Investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, cooperating witnesses, undercover agents, other law enforcement officials, and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major narcotics violators in general and the defendant's former associates in particular.

It is common practice for individuals associated with drug organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the sealed pleadings is likely to compromise any ongoing or future investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert

investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the Criminal Information and all other pleadings and records in this case until (1) the substantial risk to the personal safety of cooperating individuals no longer exists; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defendant Anthony Carter's legal counsel, Mr. Brian K. McDaniel, has been advised of the contents of this motion and has informed the undersigned prosecutor of his support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney
D.C. Bar #447889

KENNETH F. WHITTED
Assistant United States Attorney
D.C. Bar #430346
Organized Crime & Narcotics
555 4th Street, N.W., Room 4820
Washington, DC 20530
(202) 252-7722